ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :
                                       :         **SUPERSEDING**
            - v. -                     :         **INDICTMENT**
                                       :
ANDREW BARTOK,                         :         S1 10 Cr. 510 (CS)
KATHLEEN ADDARIO,                      :
    a/k/a "Kathleen Kelly,"            :
    a/k/a "Kate Adams,"                :
    a/k/a "Kathy Adams,"               :        ┌──────────────────────────┐
                                       :        │ USDC SDNY                │
            Defendants.                :        │ DOCUMENT                 │
                                       :        │ ELECTRONICALLY FILED     │
- - - - - - - - - - - - - - - - - - - x        │ DOC #:                   │
                                                │ DATE FILED:              │
                  COUNT ONE                     └──────────────────────────┘

                 (Conspiracy)

            The Grand Jury charges:

            1.    From in or about 2005 up to and including

July 2010, in the Southern District of New York and elsewhere,

ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a

"Kate Adams," a/k/a "Kathy Adams," the defendants, and others

known and unknown, unlawfully, willfully, and knowingly did

combine, conspire, confederate, and agree together and with each

other, to commit offenses against the United States, to wit,

violations of Title 18, United States Code, Sections 152(3),

152(5), 152(9), 157, 1505 and 1519.

            2.    It was part and an object of the conspiracy

that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly,"

a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and

others known and unknown, would and did fraudulently make a false

declaration, certificate, verification, and statement under

penalty of perjury, as permitted under section 1746 of title 28, in and in relation to any case under title 11, in violation of Title 18, United States Code, Section 152(3);

      3.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, would and did knowingly and fraudulently receive a material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11, in violation of Title 18, United States Code, Section 152(5);

      4.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, after the filing of a case under title 11, would and did knowingly and fraudulently withhold from a custodian, trustee, marshal, and other officer of the court and a United States Trustee entitled to its possession, any recorded information including books, documents, records, and papers relating to the property and financial affairs of a debtor, in violation of Title 18, United States Code, Section 152(9);

      5.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants,

2

and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing and concealing such scheme and artifice and attempting to do so, would and did file a petition under title 11, file a document in a proceeding under title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding under title 11 at any time before or after the filing of the petition and in relation to a proceeding falsely asserted to be pending under such title, in violation of Title 18, United States Code, Section 157(1), (2), and (3);

6.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, would and did corruptly influence, obstruct, impede and endeavor to influence, obstruct, and impede the due and proper administration of the law under which any pending proceeding is being had before a department and agency of the United States, in violation of Title 18, United States Code, Section 1505; and

7.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, would and did knowingly alter destroy, mutilate, conceal, cover up, falsify, and make a false entry in any record, document, and tangible object with the

intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States and a case filed under title 11, and in relation to and contemplation of any such matter and case, in violation of Title 18, United States Code, Section 1519;

## OVERT ACTS

8.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about May 2005, an employee of Revelations Consulting LLC ("Revelations") mailed a one-page flier that was signed in the name "Kathleen Kelly," to an individual residing in Newburgh, New York ("Debtor 1").

b.    In or about May 2005, Debtor 1 called Revelations and had a conversation with KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant.

c.    In or about May 2005, ANDREW BARTOK and KATHLEEN ADDARIO, the defendants, met with Debtor 1 at Revelations' office in North Bergen, New Jersey.

d.    In or about May 2005, during a meeting with Debtor 1 at Revelations' office in North Bergen, New Jersey,

4

BARTOK informed Debtor 1 that Debtor 1 would have to make an
initial payment of $1500 and monthly payments thereafter.

        e.   In or about May 2005, ANDREW BARTOK, the
defendant, endorsed a check in the amount of $200 from Debtor 1
that was later deposited in a Revelations Consulting LLC account
at a Valley National Bank branch.

        f.   On or about May 20, 2005, an employee of
Revelations filled out and caused to be filed a bankruptcy
petition in the name of Debtor 1, in the United States Bankruptcy
Court for the Southern District of New York in Poughkeepsie, New
York.

        g.   On or about October 14, 2005, an employee of
Revelations filled out and caused to be filed a bankruptcy
petition in the name of Debtor 1, in the United States Bankruptcy
Court for the Southern District of New York in Poughkeepsie, New
York.

        h.   In or about 2005, ANDREW BARTOK and KATHLEEN
ADDARIO, the defendants, instructed Debtor 1 not to attend any
proceedings related to Debtor 1's bankruptcy case.

        i.   In or about 2006, during a telephone
conversation, ANDREW BARTOK, the defendant, instructed Debtor 1
to file a quitclaim deed for Debtor 1's house with the Orange
County Clerk's Office to reflect that Debtor 1's mother owned 5%
of the house even though Debtor 1's mother had no ownership

interest in Debtor 1's house.

        j.   On or about January 12, 2006, an employee
of Revelations prepared and caused to be filed an "OBJECTION AND
CERTIFICATION TO CREITOR'S DISMISSAL MOTION" in Debtor 1's
bankruptcy case.

        k.   On or about June 15, 2006, ANDREW BARTOK, the
defendant, sent a written objection opposing the United States
Trustee's proposed order "authorizing examination of Revelations
and production of documents," via overnight mail, to the United
States Bankruptcy Court in Poughkeepsie, New York.

        l.   On or about July 5, 2006, ANDREW BARTOK, the
defendant, mailed a motion to the United States Bankruptcy Court
in Poughkeepsie, New York seeking: (1) reconsideration of United
States Bankruptcy Judge Cecelia Morris's June 19, 2006 Order
authorizing the examination of "Kathleen Kelly" and directing the
production of documents by Revelations; and (2) the removal of
Judge Morris from Debtor 1's bankruptcy case.

        m.   In or about September 2007, an employee of
Revelations mailed a solicitation to an individual residing in
Yonkers, New York ("Debtor 2").

        n.   In or about September 2007, ANDREW BARTOK and
KATHLEEN ADDARIO, the defendants, met with Debtor 2 at
Revelations' office in New Jersey.

        o.   In or about September 2007, during a meeting

with Debtor 2 at Revelations' office in North Bergen, New Jersey, ANDREW BARTOK, the defendant, informed Debtor 2 that Debtor 2 would have to make an initial payment of $1,500 and monthly payments thereafter.

        p.    On or about September 17, 2007, an employee of Revelations filled out and caused to be filed, a bankruptcy petition in the name of Debtor 2, in the United States Bankruptcy Court for the Southern District of New York in White Plains, New York.

        q.    On or about December 3 2007, ANDREW BARTOK, the defendant, negotiated a check in the amount of $500 from Debtor 2 at a Valley National Bank branch.

        r.    In or about April 2009, KATHLEEN ADDARIO, the defendant, met with an individual residing in White Plains, New York ("Debtor 3"), at Revelations' offices in New Jersey.

        s.    On or about April 6, 2009, KATHLEEN ADDARIO, the defendant, received $2000 in cash from Debtor 3 at Revelations' offices in New Jersey and provided Debtor 3 with a receipt.

        t.    On or about April 8, 2009, an employee of Revelations filled out and caused to be filed, a bankruptcy petition and schedules in the name of Debtor 3, in the United States Bankruptcy Court for the Southern District of New York in White Plains, New York.

u.    In or about 2009, KATHLEEN ADDARIO, the
defendant, told Debtor 3 not to attend any court proceedings
concerning the bankruptcy petition.

v.    On or about May 5, 2009, an employee of
Revelations wrote a letter, in the name of Debtor 3, claiming
that Debtor 3 would be unable to attend a May 8, 2009 meeting in
connection with the bankruptcy petition filed in Debtor 3's name.

w.    On or about May 6, 2009, an employee of
Revelations mailed the May 5, 2009 letter purporting to be from
Debtor 3 to the Chapter Thirteen Standing Trustee in White
Plains, New York.

x.    On or about June 9, 2009, an employee of
Revelations mailed a letter purporting to be from Debtor 3 to the
Chapter Thirteen Standing Trustee in White Plains, New York.

y.    In or about June 2009, ANDREW BARTOK and
KATHLEEN ADDARIO, the defendants, met with an individual residing
in Poughkeepsie, New York ("Debtor 4"), at Revelations' offices
in New Jersey.

z.    On or about June 8, 2009, an employee
of Revelations filled out a bankruptcy petition and schedules in
the name of Debtor 4, which was later filed in the United States
Bankruptcy Court for the Southern District of New York in
Poughkeepsie, New York.

aa.   On or about June 8, 2009, KATHLEEN ADDARIO,

8

the defendant, received approximately $1,000 in cash from Debtor 4 at Revelations' offices in New Jersey.

bb.   On or about June 9, 2009, an employee of Revelations received approximately $1,860 in cash from Debtor 4 at Revelations' offices in New Jersey.

cc.   On or about July 7, 2009, an employee of Revelations mailed a letter purporting to be from Debtor 4 to the Chapter Thirteen Standing Trustee in White Plains, New York.

dd.   On or about July 28, 2009, an employee of Revelations mailed a letter purporting to be from Debtor 4 to the Chapter Thirteen Standing Trustee in White Plains, New York.

ee.   On or about October 8, 2009, a co-conspirator not named as a defendant herein ("CC-1") received $100 in cash from Debtor 4 at Revelations' offices in New Jersey.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(False Statements by Andrew Bartok)

The Grand Jury further charges:

9.   On or about July 5, 2006, in the Southern District of New York and elsewhere, ANDREW BARTOK, the defendant, unlawfully, wilfully and knowingly, in a matter within the jurisdiction of the judicial branch of the Government of the United States, falsified, concealed, and covered up by trick,

9

scheme, and device a material fact, and made materially false,
fictitious, and fraudulent statements and representations, to
wit, ANDREW BARTOK, submitted a "MOTION FOR RECONSIDERATION & TO
REMOVE JUDGE CECELIA MORRIS" to United States Bankruptcy Judge
Cecelia Morris containing the following false statements and
concealed and covered up facts that were material to that motion:

### Specification One

BARTOK falsely stated that "Kathleen Kelly" did not
have personal knowledge concerning Debtor 1's bankruptcy case.

### Specification Two

BARTOK concealed and covered up that "Kathleen Kelly"
was actually an alias for a Revelations' employee whose real name
was Kathleen Addario.

(Title 18, United States Code, Section 1001(a)(1) and (2).)


### COUNT THREE

(Conspiracy to Commit Mail Fraud)

The Grand Jury further charges:

10.   From in or about May 2005 up to and including July
2010, in the Southern District of New York and elsewhere, ANDREW
BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate
Adams," a/k/a "Kathy Adams," the defendants, and others known and
unknown, unlawfully, willfully, and knowingly did combine,
conspire, confederate, and agree together and with each other, to

10

commit an offense against the United States, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341.

11. It was a part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and take and receive therefrom, such matters and things, and cause to be delivered by mail and such carriers according to the direction thereon, and at the place at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Section 1349.)

11

## COUNT FOUR

(Conspiracy to Commit Obstruction of Justice
in Chapter 13 Bankruptcy Cases)

The Grand Jury further charges:

12.    From in or about May 2005 up to and including July 2010, in the Southern District of New York and elsewhere, ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit an offense against the United States, to wit, obstruction of justice, in violation of Title 18, United States Code, Section 1512.

13.    It was a part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, attempted to and did corruptly persuade another person and engage in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

14.    It was a further part and an object of the conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants, and others known and unknown, attempted to and did corruptly

12

persuade another person and engage in misleading conduct toward
another person, with intent to cause and induce a person to
withhold testimony and withhold a record, document, and other
object from an official proceeding, in violation of Title 18,
United States Code, Section 1512(b)(2)(A).

15. It was a further part and an object of the
conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen
Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants,
and others known and unknown, attempted to and did corruptly
persuade another person and engage in misleading conduct toward
another person, with intent to cause and induce a person to evade
legal process summoning that person to appear as witness, and to
produce a record, document, and other object, in an official
proceeding, in violation of Title 18, United States Code, Section
1512(b)(2)(C).

16. It was a further part and an object of the
conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen
Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants,
and others known and unknown, attempted to and did corruptly
persuade another person and engage in misleading conduct toward
another person, with intent to cause and induce a person to be
absent from an official proceeding to which such person had been
summoned by legal process, in violation of Title 18, United
States Code, Section 1512(b)(2)(D).

13

17.    It was a further part and an object of the
conspiracy that ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen
Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendants,
and others known and unknown, attempted to and did corruptly
obstruct, influence, and impede an official proceeding, in
violation of Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Section 1512(k).)

## COUNT FIVE

(Obstruction of Justice Concerning
the "Kathleen Kelly" Examination and Production of Documents)

The Grand Jury further charges:

18.    From in or about June 2006 through in or about
July 2006, in the Southern District of New York and elsewhere,
ANDREW BARTOK, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a
"Kate Adams," a/k/a "Kathy Adams," the defendants, knowingly
altered, destroyed, mutilated, concealed, covered up, falsified,
and made a false entry in a record, document, and tangible object
with the intent to impede, obstruct, and influence the
investigation and proper administration of a matter within the
jurisdiction of a department and agency of the United States and
a case filed under title 11, and in relation to and contemplation
of such matter and case, to wit, ANDREW BARTOK, KATHLEEN ADDARIO,
a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams,"
did not produce documents at a July 21, 2006 examination at the

14

Office of the United States Trustee that had been ordered to be produced by the Honorable Cecelia G. Morris in a June 19, 2006 order.

(Title 18, United States Code, Sections 1519 & 2.)

FOREPERSON

PREET BHARARA
United States Attorney

15