UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :        **INFORMATION**
        - v. -                       :
                                     :        S5 10 Cr. 510 (CS)
KATHLEEN ADDARIO,                    :
        a/k/a "Kathleen Kelly,"      :
        a/k/a "Kate Adams,"          :
        a/k/a "Kathy Adams,"         :
                                     :
                      Defendant.     :
                                     :
- - - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Commit Mail and Wire Fraud - Revelations)

The United States Attorney charges:

### Relevant Entity and Individuals

1.   At all times relevant to this Information,
Revelations Consulting LLC ("Revelations") was a limited
liability company that maintained at least one place of business
in New Jersey.  At times relevant to this Information,
Revelations did business under the name "Foreclosure Club of
America."

2.   From in or about 2000 through in or about August
2009, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate
Adams," a/k/a "Kathy Adams," the defendant, worked as a client
manager at Revelations.

### Background

3.   A bankruptcy filed under Chapter 13 of the United
States Bankruptcy Code enables debtors with income to develop a

plan to repay all or part of their debts.  Under Chapter 13, debtors propose a plan to make installment payments to creditors until their debts are repaid.  During the time covered by the Chapter 13 repayment plan, federal law forbids creditors from starting or continuing collection efforts.  By filing under Chapter 13, debtors can stop foreclosure proceedings and may cure delinquent mortgage payments over time.  Debtors must, however, make all mortgage payments that come due during the time period covered by the repayment plan.

4.    In order to file a Chapter 13 bankruptcy, a debtor typically completes a voluntary petition form which lists, among other things, the debtor's basic personal identification information.  In addition, the debtor is required to complete supporting schedules which list the debtor's assets, liabilities, income, and expenditures.

5.    Since in or about October 2004, in order to file a Chapter 13 bankruptcy petition, a debtor must also complete Exhibit D to the bankruptcy petition.  Exhibit D requires the debtor to certify, under penalty of perjury, that s/he has complied with a credit counseling requirement.  The credit counseling requirement requires debtors to receive a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator outlining opportunities for available credit counseling and assisting the debtor in

2

performing a related budget analysis.

6.      After a Chapter 13 bankruptcy petition is filed, a debtor typically receives an official notice from the United States Bankruptcy Court setting forth the date, time and place of a "Section 341" meeting of the debtor and his or her creditors to be convened by the United States Trustee. The debtor must attend the meeting and submit to an examination under oath. At the meeting, the debtor is questioned about his debts, income, and assets.  In addition, the debtor is required to produce documents concerning the debtor's financial condition, including but not limited to, the debtor's federal tax return.

7.      Eventually, if the debtor does not attend court proceedings concerning the Chapter 13 bankruptcy petition, the debtor's petition is dismissed.  Should the debtor seek to file bankruptcy on a subsequent occasion during the following six years, the debtor will be required to list the prior dismissed bankruptcy case on the subsequent petition.

## Overview of The Scheme to Defraud

8.      KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and her co-conspirators, through Revelations, solicited individuals who were facing foreclosure proceedings on their homes, promising those individuals that - in exchange for fees paid to Revelations - the individuals would be able to stay in their homes without making

their mortgage payments and would be able to purchase their homes at foreclosure auctions for a fraction of the dollar amount of their mortgage obligations.   Revelations conducted its solicitation of "clients" primarily through mailings sent to the clients' homes.

9.   In truth and in fact, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and her co-conspirators defrauded Revelations' clients and did so in part by use of the United States Bankruptcy courts. In order to delay foreclosures, ADDARIO and her co-conspirators, among other things, filed fraudulent bankruptcy petitions and other false documents in their clients' names and instructed the clients not to attend bankruptcy court proceedings.   In doing so, ADDARIO and her co-conspirators sought to obtain as much money as possible, for as long as possible, from Revelations' clients. When the fraudulent bankruptcy petitions filed by ADDARIO and her co-conspirators ultimately were dismissed by the bankruptcy courts, Revelations ceased contact with its clients, who faced imminent eviction from their homes, and who already had paid significant sums of money to Revelations.

<u>The Scheme to Defraud</u>

10.   During the time period relevant to this Information, flyers were mailed in Revelations' name to individuals who were in danger of foreclosure stating that

4

Revelations could assist the individuals in delaying the foreclosure of their homes.  The flyers typically advised individuals that they would be able to stay in their homes without making their mortgage payments.  The flyers, each of which contained similar language, purported to be sent by KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and a co-conspirator not named herein as a defendant ("CC-1"). In order to gain the trust of the homeowners, the flyers claimed that ADDARIO and CC-1 had previously been served with foreclosure summonses with respect to their own homes.

11.  Individuals who called Revelations in response to the solicitation were typically instructed to travel to Revelations' offices in New Jersey.  There, the individuals would meet with one or more of KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, CC-1 and another co-conspirator not named herein as a defendant ("CC-2").  Generally, the individuals would be told that Revelations could delay or prevent their foreclosure proceedings in exchange for an initial upfront fee and subsequent monthly fees.  In addition, the individuals typically would be told that they would not have to pay their mortgages for approximately two years and that after two years, they could repurchase their homes at a fraction of the dollar amount of their outstanding mortgage

5

obligation and that Revelations would assist them in doing so.

12.   Thereafter, with or without informing the clients, employees of Revelations, at the direction of one or more of KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, CC-1 and CC-2, often prepared and filed Chapter 13 bankruptcy petitions in the clients' names. The Chapter 13 petitions were not filed for the purpose of having the clients engage in Chapter 13 reorganization of their debts, but for the improper purpose of using the United States bankruptcy laws to forestall the foreclosure of the clients' homes as long as possible while Revelations continued to collect its monthly fees.

13.   The clients' Chapter 13 petitions, signed under penalty of perjury, purported to have been filed pro se by the clients, without assistance from any bankruptcy petition preparer or attorney, and each contained a Chapter 13 voluntary petition form which listed, among other things, basic personal identification information for the client.

14.   In furtherance of the scheme to defraud, Revelations' employees included false information about the client's finances on required schedules to the bankruptcy petitions.  For instance, the schedules listed only a single creditor — the mortgage holder for the client's home – and fraudulently omitted Revelations as an unsecured creditor even

6

though the clients had agreed to pay monthly fees to Revelations as KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, CC-1 and CC-2 well knew.

15.   On the schedules describing the clients' personal property, which included approximately thirty-five possible categories of personal property, the petitions routinely listed personal property in the same few categories, and fraudulently failed to list personal property in the other categories, which included common items such as automobiles, alimony or support agreements, and sports equipment.

16.   In furtherance of the scheme to defraud, employees of Revelations, including CC-2, frequently called credit counseling agencies, pretending to be the clients for the purposes of the credit counseling briefings.  These employees then falsely signed statements of compliance with the credit counseling requirement.

17.   Also in furtherance of the scheme to defraud, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, CC-1 and CC-2 routinely instructed clients to: (1) forward any court documents to Revelations; (2) not attend court proceedings, including Section 341 meetings of the creditors, and (3) in some instances, not mention Revelations if contacted by court personnel.

18.   In order to delay the eventual dismissal of a

client's bankruptcy petition as long as possible and in order to
continue collecting monthly payments from clients,   KATHLEEN
ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy
Adams," the defendant, and her co-conspirators filed and caused
to be filed in the United States Bankruptcy Courts motions
seeking relief, which motions falsely claimed to have been signed
by the pro se clients.

19.   In other instances, employees of Revelations
prepared, signed and mailed fraudulent letters, purporting to be
from clients to the Chapter Thirteen Standing Trustee setting
forth phony excuses as to why the clients could not attend the
Section 341 creditors' meetings and asking for postponements of
the meetings.

20.   In some instances, when a bankruptcy petition was
dismissed, employees of Revelations filed a subsequent bankruptcy
petition, again for the sole purpose of improperly using the
United States bankruptcy laws to delay foreclosure of a client's
home.  In doing so, employees of Revelations failed to disclose
the first dismissed bankruptcy as required.

21.   Revelations also utilized a marketing program
known as "Cash for Keys" to defraud its clients.  Under "Cash for
Keys," a client facing foreclosure would hand over his/her home
to CC-1 or another co-conspirator not named as a defendant herein
("CC-3") via a quitclaim deed - which is a deed that terminates

an individual's right to own a certain piece of property and authorizes the transfer of the property to another person.  CC-1 or CC-3 would then cause the homes be renovated and thereafter rented to individuals looking to rent a house.  CC-1 or CC-3 would own the property through a limited liability company ("LLC") with a fictitious name as President of the LLC.  When a bank would attempt to initiate foreclosure proceedings, a bankruptcy would be filed in the name of the LLC.

### Statutory Allegations

22.  From in or about 2000 up to and including in or about August 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, knowingly and willfully, did combine, conspire, confederate, and agree together and with each other, to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

23.  It was a part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice

9

and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and take and receive therefrom, such matters and things, and knowingly cause to be delivered by mail and such carriers according to the direction thereon, and at the place at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

24.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

<u>COUNT TWO</u>

(Mail Fraud – Revelations)

The United States Attorney further charges:

25.  The allegations contained in paragraphs 1 through 21 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

26.  From in or about 2000 up to and including in or about August 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and took and received therefrom, such matters and things, and knowingly caused to be delivered by mail and such carriers according to the direction thereon, and at the place at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, ADDARIO sent and caused to be sent marketing

11

materials to individuals facing foreclosure.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT THREE

(Bankruptcy Fraud and Obstruction of
Justice Conspiracy - Revelations)

The United States Attorney further charges:

27. The allegations contained in paragraphs 1 through 21 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

28. From in or about 2000 up to and including in or about August 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, knowingly and willfully, did combine, conspire, confederate, and agree together and with each other, to commit violations of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157, 1505 and 1519.

29. It was a part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly and fraudulently make a false declaration, certificate, verification, and statement under penalty of perjury as permitted under Section 1746 of Title 28, in and in relation to any case under Title 11, in violation of

12

Title 18, United States Code, Section 152(3);

30.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly and fraudulently receive a material amount of property from a debtor after the filing of a case under Title 11, with intent to defeat the provisions of Title 11, in violation of Title 18, United States Code, Section 152(5);

31.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, after the filing of a case under Title 11, would and did knowingly and fraudulently withhold from a custodian, trustee, marshal, and other officer of the court and a United States Trustee entitled to its possession, recorded information (including books, documents, records, and papers) relating to the property and financial affairs of a debtor, in violation of Title 18, United States Code, Section 152(9);

32.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing

13

and concealing such a scheme and artifice and attempting to do so, would and did file a petition under Title 11, file a document in a proceeding under Title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding under Title 11 at any time before or after the filing of the petition, and in relation to a proceeding falsely asserted to be pending under such title, in violation of Title 18, United States Code, Sections 157(1), (2), and (3);

33. It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding is being had before a department and agency of the United States, in violation of Title 18, United States Code, Section 1505; and

34. It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly alter destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper

14

administration of a matter within the jurisdiction of a department and agency of the United States and a case filed under Title 11, and in relation to and contemplation of any such matter and case, in violation of Title 18, United States Code, Section 1519.

<u>OVERT ACT</u>

35.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   In or about 2009, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, mailed to individuals facing foreclosure marketing materials that advertised Revelations' services.

(Title 18, United States Code, Section 371.)


<u>COUNT FOUR</u>

(Bankruptcy Fraud - Revelations)

The United States Attorney further charges:

36.   The allegations contained in paragraphs 1 through 21 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

37.   From in or about 2000 up to and including in or about August 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate

Adams," a/k/a "Kathy Adams," the defendant, knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing and concealing such a scheme and artifice and attempting to do so, filed a petition under Title 11, filed a document in a proceeding under Title 11, and made a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding under Title 11 at any time before or after the filing of the petition, and in relation to a proceeding falsely asserted to be pending under such title, to wit, ADDARIO filed and caused to be filed with bankruptcy courts: (i) fraudulent voluntary bankruptcy petitions and (ii) fraudulent letters and motions.

(Title 18, United States Code, Sections
157(1), (2), and (3); and 2).

### COUNT FIVE

(Conspiracy to Commit Witness Tampering - Revelations)

The United States Attorney further charges:

38.   The allegations contained in paragraphs 1 through 21 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

39.   From in or about 2000 up to and including in or about August 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and

unknown, knowingly and willfully, did combine, conspire, confederate, and agree together and with each other, to commit offenses against the United States, to wit, obstruction of justice, in violation of Title 18, United States Code, Section 1512.

40. It was a part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

41. It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a person to withhold testimony, and withhold a record, document, and other object from an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(A).

42. It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a

"Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a person to evade legal process summoning that person to appear as a witness, and to produce a record, document, and other object, in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(C).

43.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a person to be absent from an official proceeding to which such person had been summoned by legal process, in violation of Title 18, United States Code, Section 1512(b)(2)(D).

44.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly obstruct, influence, and impede an official proceeding, and attempt to do

so, in violation of Title 18, United States Code, Section
1512(c)(2).

    (Title 18, United States Code, Section 1512(k).)


## COUNT SIX

(Obstruction of Justice Concerning
the "Kathleen Kelly" Examination and Production of Documents)

        The United States Attorney further charges:

        45.  From in or about June 2006 through in or about
July 2006, in the Southern District of New York and elsewhere,
KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams,"
a/k/a "Kathy Adams," the defendant, knowingly altered, destroyed,
mutilated, concealed, covered up, falsified, and made a false
entry in a record, document, and tangible object with the intent
to impede, obstruct, and influence the investigation and proper
administration of a matter within the jurisdiction of a
department and agency of the United States and a case filed under
Title 11, and in relation to and contemplation of such matter and
case, to wit, ADDARIO and CC-1 did not produce documents at a
July 21, 2006 examination at the Office of the United States
Trustee that had been ordered to be produced by the Honorable
Cecelia G. Morris in a June 19, 2006 order.

        (Title 18, United States Code, Sections 1519 & 2.)

## COUNT SEVEN

(Conspiracy to Commit Mail and Wire Fraud - Company-1)

The United States Attorney further charges:

### Relevant Entity and Individual

46.   From in or about August 2009 up to and including at least in or about March 2010, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, owned, in part, a company ("Company-1") that offered foreclosure relief services to customers.

### Overview of The Scheme to Defraud

47.   The allegations contained in paragraphs 3 through 7 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

48.   KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and her co-conspirators, through Company-1, solicited individuals who were facing foreclosure proceedings on their homes, promising those individuals that - in exchange for fees paid to Company-1 - the individuals would be able to stay in their homes without making their mortgage payments and would be able to purchase their homes at foreclosure auctions for a fraction of the dollar amount of their mortgage obligations.   Company-1 conducted its solicitation of "clients" primarily through mailings sent to the clients' homes.

20

49.  In truth and in fact, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and her co-conspirators defrauded Company-1's clients and did so in part by use of the United States Bankruptcy courts. In order to delay foreclosures, ADDARIO and her co-conspirators, among other things, filed fraudulent bankruptcy petitions and other false documents in their clients' names and instructed the clients not to attend bankruptcy court proceedings.  In doing so, ADDARIO and her co-conspirators sought to obtain as much money as possible, for as long as possible, from Company-1's clients.

<u>The Scheme to Defraud</u>

50.  During the time period relevant to this Information, flyers were mailed in Company-1's name to individuals who were in danger of foreclosure stating that Company-1 could assist the individuals in delaying the foreclosure of their homes.

51.  Individuals who called Company-1 in response to the solicitation were typically instructed to travel to Company-1's office in New Jersey.  There, the individuals would meet with KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, or an employee of Company-1. Generally, the individuals would be told that Company-1 could delay or prevent their foreclosure proceedings in exchange for an initial upfront fee and subsequent monthly fees.  In addition,

the individuals typically would be told that they would not have to pay their mortgages for approximately two years and that after two years, they could repurchase their homes at a fraction of the dollar amount of their outstanding mortgage obligation and that Company-1 would assist them in doing so.

52.   Thereafter, with or without informing the clients, employees of Company-1, at the direction of KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, often prepared and filed Chapter 13 bankruptcy petitions in the clients' names.  The Chapter 13 petitions were not filed for the purpose of having the clients engage in Chapter 13 reorganization of their debts, but for the improper purpose of using the United States bankruptcy laws to forestall the foreclosure of the clients' homes as long as possible while Company-1 continued to collect its monthly fees.

53.   The clients' Chapter 13 petitions, signed under penalty of perjury, purported to have been filed pro se by the clients, without assistance from any bankruptcy petition preparer or attorney and each contained a Chapter 13 voluntary petition form which listed, among other things, basic personal identification information for the client.

54.   In furtherance of the scheme to defraud, Company-1's employees included false information about the client's finances on required schedules to the bankruptcy petitions.  For

22

instance, the schedules listed only a single creditor — the mortgage holder for the client's home – and fraudulently omitted Company-1 as an unsecured creditor even though the clients had agreed to pay monthly fees to Company-1 as KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, well knew.

55. On the schedules describing the clients' personal property, which included approximately thirty-five possible categories of personal property, the petitions routinely listed personal property in the same few categories, and fraudulently failed to list personal property in the other categories, which included common items such as automobiles, alimony or support agreements, and sports equipment.

56. In furtherance of the scheme to defraud, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, routinely instructed clients to: (1) forward any court documents to Company-1; and (2) not attend court proceedings, including Section 341 meetings of the creditors.

57. In other instances, employees of Company-1 prepared, signed and mailed fraudulent letters, purporting to be from clients to the Chapter Thirteen Standing Trustee setting forth phony excuses as to why the clients could not attend the Section 341 creditors' meetings and asking for postponements of

23

the meetings.

## Statutory Allegations

58.  From in or about August 2009 up to and including
in or about March 2010, in the Southern District of New York and
elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate
Adams," a/k/a "Kathy Adams," the defendant, and others known and
unknown, knowingly and willfully, did combine, conspire,
confederate, and agree together and with each other, to commit
mail fraud and wire fraud, in violation of Title 18, United
States Code, Sections 1341 and 1343.

59.  It was a part and an object of the conspiracy
that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate
Adams," a/k/a "Kathy Adams," the defendant, and others known and
unknown, having devised and intending to devise a scheme and
artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, for the purpose of executing such scheme and artifice
and attempting so to do, would and did place in a post office and
authorized depository for mail matter, matters and things to be
sent and delivered by the Postal Service, and deposit and cause
to be deposited matters and things to be sent and delivered by
private and commercial interstate carriers, and take and receive
therefrom, such matters and things, and knowingly cause to be
delivered by mail and such carriers according to the direction

24

thereon, and at the place at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

60.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)


COUNT EIGHT

(Mail Fraud - Company-1)

The United States Attorney further charges:

61.   The allegations contained in paragraphs 46 through 57 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

62.   From in or about August 2009 up to and including

in or about March 2010, in the Southern District of New York and
elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate
Adams," a/k/a "Kathy Adams," the defendant, knowingly and
willfully, having devised and intending to devise a scheme and
artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, for the purpose of executing such scheme and artifice
and attempting so to do, placed in a post office and authorized
depository for mail matter, matters and things to be sent and
delivered by the Postal Service, and deposited and caused to be
deposited matters and things to be sent and delivered by private
and commercial interstate carriers, and took and received
therefrom, such matters and things, and knowingly caused to be
delivered by mail and such carriers according to the direction
thereon, and at the place at which they were directed to be
delivered by the person to whom they were addressed, such matters
and things, to wit, ADDARIO sent and caused to be sent marketing
materials to individuals facing foreclosure.

(Title 18, United States Code, Sections 1341 and 2.)


COUNT NINE

(Bankruptcy Fraud and Obstruction of
Justice Conspiracy - Company-1)

The United States Attorney further charges:

63.   The allegations contained in paragraphs 46 through

57 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

     64.   From in or about August 2009 up to and including in or about March 2010, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, knowingly and willfully, did combine, conspire, confederate, and agree together and with each other, to commit violations of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157 and 1505.

     65.   It was a part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly and fraudulently make a false declaration, certificate, verification, and statement under penalty of perjury as permitted under Section 1746 of Title 28, in and in relation to any case under Title 11, in violation of Title 18, United States Code, Section 152(3);

     66.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly and fraudulently receive a material amount of property from a debtor after the filing of a case under Title 11, with intent to defeat the

provisions of Title 11, in violation of Title 18, United States Code, Section 152(5);

67.  It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, after the filing of a case under Title 11, would and did knowingly and fraudulently withhold from a custodian, trustee, marshal, and other officer of the court and a United States Trustee entitled to its possession, recorded information (including books, documents, records, and papers) relating to the property and financial affairs of a debtor, in violation of Title 18, United States Code, Section 152(9);

68.  It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing and concealing such a scheme and artifice and attempting to do so, would and did file a petition under Title 11, file a document in a proceeding under Title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding under Title 11 at any time before or after the filing of the petition, and in relation to a proceeding falsely asserted to be pending under such title, in violation of Title

28

18, United States Code, Sections 157(1), (2), and (3); and

69.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding is being had before a department and agency of the United States, in violation of Title 18, United States Code, Section 1505.

<u>OVERT ACT</u>

70.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   In or about 2009, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, placed telephone calls to individuals facing foreclosure advertising Company-1's services.

(Title 18, United States Code, Section 371.)

COUNT TEN

(Bankruptcy Fraud - Company-1)

The United States Attorney further charges:

71.  The allegations contained in paragraphs 46 through 57 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

72.  From in or about August 2009 up to and including in or about March 2010, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing and concealing such a scheme and artifice and attempting to do so, filed a petition under Title 11, filed a document in a proceeding under Title 11, and made a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding under Title 11 at any time before or after the filing of the petition, and in relation to a proceeding falsely asserted to be pending under such title, to wit, ADDARIO filed and caused to be filed with bankruptcy courts: (i) fraudulent voluntary bankruptcy petitions and (ii) fraudulent letters.

(Title 18, United States Code, Sections
157(1), (2), and (3); and 2).

30

<u>COUNT ELEVEN</u>

(Conspiracy to Commit Witness Tampering - Company-1)

The United States Attorney further charges:

73.   The allegations contained in paragraphs 46 through 57 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

74.   From in or about August 2009 up to and including in or about March 2010, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, knowingly and willfully, did combine, conspire, confederate, and agree together and with each other, to commit offenses against the United States, to wit, obstruction of justice, in violation of Title 18, United States Code, Section 1512.

75.   It was a part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

76.   It was a further part and an object of the

31

conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a person to withhold testimony, and withhold a record, document, and other object from an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(A).

77.  It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a person to evade legal process summoning that person to appear as a witness, and to produce a record, document, and other object, in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(C).

78.  It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to cause and induce a

person to be absent from an official proceeding to which such person had been summoned by legal process, in violation of Title 18, United States Code, Section 1512(b)(2)(D).

79.   It was a further part and an object of the conspiracy that KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, and others known and unknown, would and did knowingly corruptly obstruct, influence, and impede an official proceeding, and attempt to do so, in violation of Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Section 1512(k).)


COUNT TWELVE

(Obstruction of Justice Concerning Client Records)

The United States Attorney further charges:

80.   In or about 2009, in the Southern District of New York and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, knowingly and corruptly altered, destroyed, mutilated, and concealed records, documents, and other objects, and attempted to do so, with the intent to impair the objects' integrity and availability for use in an official proceeding, to wit, ADDARIO paid another person to make copies of Revelations' client records that were

altered to omit ADDARIO's name.

(Title 18, United States Code, Sections 1512(c)(1) and 2.)

## COUNT THIRTEEN

### (Student Loan Fraud)

The United States Attorney further charges:

81.  From in or about 2008 through in or about 2010, in the District of New Jersey and elsewhere, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a "Kate Adams," a/k/a "Kathy Adams," the defendant, willfully and knowingly, embezzled, misapplied, stole, obtained by fraud, false statement, and forgery, and failed to refund funds, assets, and property provided and insured under subchapter IV of Chapter 28 of Title 20, United States Code, and attempted to so embezzle, misapply, steal, obtain by fraud, false statement, and forgery, and fail to refund funds, assets, and property, in an amount exceeding $200.00, to wit, ADDARIO obtain approximately $12,000 in student loans for her son by making false statements on student loan certifications.

(Title 20, United States Code, Section 1097(a).)

## FORFEITURE ALLEGATIONS

82.  As the result of conspiring to violate Title 18, United States Code, Sections 1341 (mail fraud) and 1343 (wire

34

fraud) as alleged in Counts One and Seven of this Information;
committing mail fraud, in violation of Title 18, United States
Code, Section 1341 as alleged in Counts Two and Eight of this
Information; conspiring to commit bankruptcy offenses in
violation of Title 18, United States Code, Section 152 as alleged
in Counts Three and Nine of this Information; and conspiring to
violate Title 18, United States Code, Section 1512 as alleged in
Counts Five and Eleven of this Information; committing
obstruction of justice, in violation of Title 18, United States
Code, Section 1512 as alleged in Count Twelve of this
Information, KATHLEEN ADDARIO, a/k/a "Kathleen Kelly," a/k/a
"Kate Adams," a/k/a "Kathy Adams," the defendant, shall forfeit
to the United States, pursuant to Title 18, United States Code,
Section 981(a)(1)(C) and Title 28, United States Code, Section
2461, all property, real and personal, that constitutes or is
derived from proceeds traceable to the commission of these
offenses, including but not limited to a sum of United States
currency representing the amount of proceeds obtained as a result
of the offenses.

<u>Substitute Asset Provision</u>

83.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due
diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853(p); and
Title 28, United States Code, Section 2461.)

PREET BHARARA
United States Attorney

36